# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO

| | |
|---|---|
| SHERRY HERDMAN<br>45141 Baum Addition<br>Pomeroy, Ohio 45769<br><br><br>Plaintiff,<br>v.<br><br>E.I. DUPONT DE NEMOURS &<br>COMPANY,<br>1007 North Market Street<br>Wilmington, DE 19898<br><br>Defendant. | CASE NO.:<br><br>JUDGE:<br><br><br><br><br>**COMPLAINT FOR MONEY**<br><br><br><br>**(JURY DEMAND ENDORSED HEREON)** |

## COMPLAINT

Now comes the Plaintiff, Sherry Herdman, by and through counsel, and for her Complaint against the Defendant, states as follows:

### NATURE OF ACTION

1. This is a civil action for compensatory and punitive damages, costs incurred and to be incurred by Plaintiff, and any other damages that the Court or jury may deem appropriate for bodily injury arising from the intentional, malicious, knowing, reckless and/or negligent acts and/or omissions of Defendant in connection with contamination of human drinking water supplies used by Plaintiff.

### JURISDICTION AND VENUE

2. DuPont is a Delaware Corporation authorized to conduct business in the State of Ohio and has a principal place of business at 1007 Market Street, Wilmington, Delaware 19898.

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

3. This Court has jurisdiction over Defendant in this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and because the amount in controversy exceeds $75,000 exclusive of interest and costs, and because, among other reasons, Defendant have significant contacts with this district by virtue of doing business within this judicial district.

4. Further, Defendant committed torts in whole or in part against Plaintiff in this State. As such, this Court has personal jurisdiction over all named Defendant.

5. Venue is proper within this district pursuant to 28 U.S.C. § 1391 because a substantial part of the acts and/or omissions giving rise to these claims occurred within this district.

## **GENERAL ALLEGATIONS**

6. The Plaintiff realleges and reavers the allegations set forth in paragraph 1 through 5 of her Complaint, as if fully rewritten herein.

7. DuPont owns and operates a manufacturing facility in Wood County, West Virginia known as the "Washington Works Plant", and has been the owner and operator at all times relevant to this Complaint.

8. In connection with its manufacturing operations at its Washington Works Plant, DuPont has used hazardous, toxic and/or carcinogenic wastes, substances, pollutants and/or contaminants, including ammonium perfluorooctanoate (a/k/a C-8/FC-143/APFO/DFS-2/PFOA) (hereinafter "C-8"), (collectively the "Materials") since the early 1950s.

9. During the course of its operations at its Washington Works Plant, DuPont has negligently, recklessly, knowingly, carelessly, wrongfully and/or intentionally allowed, caused, and/or otherwise permitted and is continuing to so allow, cause and otherwise

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

2

permit releases of Materials from the Washington Works Plant into those waters that are and have been used for human drinking water purposes (the "Releases).

10. C-8 is a bioretentive substance.

11. C-8 is a bioaccumulative substance.

12. C-8 is a biopersistent substance.

13. C-8 is an animal carcinogen.

14. C-8 is a proven hazardous substance.

15. DuPont negligently, recklessly, carelessly, wrongfully, and/or intentionally failed to disclose to those individuals who used water impacted by the Releases that the levels of C-8 detected in the water exceeded DuPont's own internal "community exposure guideline" (CEG) of 1 part per billion (1 ppb) for C-8 in drinking water.

16. By at least May of 2000, DuPont had learned that the manufacturer of the C-8 used by DuPont at its Washington Works Plant, the Minnesota Mining and Manufacturing Company ("3M"), had decided to stop manufacturing and selling C-8, based upon concerns associated with the bio-persistence and relative toxicity of C-8 and threat that the US EPA would ban the material.

17. By at least 2001, DuPont had learned that C-8 had been detected in private water wells hydraulically down-gradient from one or more of the locations where DuPont had dumped C-8 into the ground.

18. Despite knowledge of the same bio-persistence and toxicity concerns known to 3M relating to the use of C-8 and its release into the environment and the fact that C-8 was getting into public and private drinking water supplies, DuPont began direct manufacture of its own C-8 at the Washington Works plant.

19. DuPont knew for several years that the level of C-8 discharged from its

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

Washington Works Plant was contributing to the levels of C-8 present in human water supplies.

20. It was not until the Spring of 2001, after the West Virginia Division for Environmental Protection ("WVDEP") first asked DuPont to begin monitoring and reporting to WVDEP the levels of C-8 discharged from DuPont's Washington Works plant into the West Virginia River, that DuPont installed a carbon absorption treatment system at its Washington Works plant to attempt to begin reducing the levels of C-8 discharged directly from the Washington Works Plant into the Ohio River.

21. Effective December 1, 2006, the Ohio EPA listed C-8 as a toxic air contaminant.

22. The U.S. EPA has found that C-8 can remain in the human body for years and that drinking water contaminated with C-8 can produce concentrations of C-8 in the blood serum that are higher than the concentrations present in the water itself.

23. Given the high level of C-8 in the blood of Ohio Valley's water users along with the bio-persistent nature of C-8 in environmental media and humans, continued C-8 exposure presented a great threat to Ohio Valley's water users.

24. In a 2003 C-8-related West Virginia class action lawsuit ("class action") against DuPont:

a) DuPont represented to the court that there is no way for DuPont to prevent its C-8 emissions from getting into the class members' drinking water;

b) DuPont represented to the court that there are no alternatives to using C-8 in any of the Washington Works Plant's manufacturing operations; and

c) The court found that DuPont continues to actively and intentionally release C-8 from the Washington Works Plant into the air and water.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

4

25. Part of the class action settlement created a Science Panel to conduct research into whether there is a probable link that exists between C-8 and human disease.

26. On April 15, 2012 the Science Panel concluded that there is a probable link between exposure to C-8 and kidney cancer.

27. The Science Panel has also found a probable link between exposure to C-8 and testicular cancer, ulcerative colitis, thyroid disease, and pregnancy-induced hypertension to date.

28. Plaintiff was exposed to C-8 due to the defendant's conduct.

29. As a direct and approximate result of the defendant's conduct, Plaintiff sustained injury and damages including, but not limited to kidney cancer.

30. Plaintiff was exposed to potential C-8 contamination for at least a year prior to December 3, 2004 from at least one of the 6 designated water districts as outlined in the class action settlement.

31. The Releases have made and/or continue to make Plaintiff physically ill and otherwise physically harmed, and/or have caused and continue to cause associated emotional and mental stress, anxiety, and fear of current and future illnesses, including but not limited to, fear of significant risk of cancer and other diseases and illnesses.

## COUNT ONE
## NEGLIGENCE

32. The Plaintiff realleges and reavers the allegations set forth in paragraph 1 through 31 of her Complaint, as if fully rewritten herein.

33. In connection with its operation of the Washington Works Plant, DuPont has had and continues to have a duty to operate and manage the Washington Works Plant in

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

5

such a way as to not create a nuisance or condition causing any injury or damage to human health or the environment.

34. DuPont breached its duty of care by negligently operating and managing the Washington Works Plant and conducting other operations and activities at the Washington Works Plant in such a manner as to negligently cause, permit, and allow the Releases.

35. The Defendant's negligent acts and omissions proximately caused and continue to cause damages and bodily injury to the Plaintiff, Sherry Herdman.

36. The Defendant knowingly, intentionally, recklessly and/or negligently failed and/or refused to advise the Plaintiff, Sherry Herdman, of the danger to her health and property posed by the Releases.

37. At all times relevant herein, DuPont had and continues to have a duty to, *inter alia*:

   a) Take adequate and timely precautions to prevent the Materials from being released and contaminating the environment, including the soil, surface water, sediments, biota, groundwater, and human drinking water;

   b) To remove the Materials from the soil, surface water, sediments, biota, groundwater, and human drinking water;

   c) To adequately warn federal, state, and local authorities, potentially affected members of the public, and purveyors of public water; and

   d) To handle, treat, store and/or dispose of the Materials in such a manner so as to not create a nuisance or a condition causing imminent and substantial danger to human health and/or the environment.

38. Defendant knowingly, intentionally, recklessly and/or negligently withheld information from the Plaintiff, Sherry Herdman, who had a right to know of information which would have prevented Plaintiff, Sherry Herdman, from being exposed to the Materials.

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

6

39. Plaintiff, Sherry Herdman, did not have sufficient information to determine the safety of the drinking water impacted by the Releases and, therefore, relied upon the superior knowledge of the Defendant in deciding to ingest the drinking water, and as result of her reliance on the Defendant's false and misleading affirmative misrepresentations and intentional omissions and hiding of relevant, significant and material facts and information, Plaintiff, Sherry Herdman, was misled into believing that the drinking water was safe and effective for human consumption.

40. Defendant withheld information which they had in their possession concerning research, testing, lack of research and testing, studies of humans and animals who had been exposed to the Materials that demonstrated that the Materials cause damage to humans and animals, as well as information that medically, legally, scientifically and ethically the Plaintiff, Sherry Herdman, had a right to know before ingesting the drinking water and which Defendant had a duty under West Virginia law to disclose.

41. As a proximate result of the aforesaid acts and omissions by the Defendant and acting for and on their own behalf and as agents, ostensible agents, employees, conspirators and joint ventures of others, contaminated drinking water was placed in the stream of commerce, distributed and sold to customers in West Virginia and/or Ohio and and ingested by the Plaintiff, Sherry Herdman, and the Plaintiff, Sherry Herdman, was injured as herein alleged.

42. The aforesaid acts and omissions of Defendant, acting in the manner as alleged herein, were negligent and as a proximate result the Plaintiff, Sherry Herdman, has suffered and will suffer the following damages:

a) Expenses reasonably necessary for the monitoring of illnesses or diseases

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

associated with the ingestion of the Materials;

b) Medical and hospital bills for past treatment and diagnostic measures;

c) Medical and hospital bills for future treatment, diagnostic and preventative treatment, and treatment of injuries;

d) Physical injury, both temporary and permanent;

e) Severe and significant emotional distress and mental pain and suffering;

f) Humiliation, embarrassment and fear;

g) Loss of enjoyment of life;

h) Annoyance and inconvenience; and

i) Other damages, which, under the law and circumstances, Plaintiff, Sherry Herdman, is entitled to recover, including attorneys' fees and costs associated with the prosecution of this action.

43. At all times pertinent herein, the Defendant acted with actual malice and/or a conscious, reckless, and outrageous indifference to the health, safety and welfare of others, warranting the imposition of punitive damages.

## COUNT TWO
## WILLFUL, WANTON, AND RECKLESS CONDUCT
## CONSCIOUS DISREGARD FOR THE SAFETY AND RIGHTS OF OTHERS
## PUNITIVE DAMAGES

44. The Plaintiff realleges and reavers the allegations set forth in paragraph 1 through 43 of her Complaint, as if fully rewritten herein.

45. By its acts and omissions resulting in the Releases, the Defendant acted with actual malice and/or a conscious, reckless, and outrageous indifference to the health, safety and welfare of others, warranting the imposition of punitive damages.

WHEREFORE, the Plaintiffs demand judgment against the Defendant as follows:

FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

8

1. On Count One of the Plaintiff's Complaint, compensatory damages in an amount in excess of twenty-five thousand dollars ($25,000.00);

2. On Count Two of the Plaintiff's Complaint, punitive damages in an amount in excess of twenty-five thousand dollars ($25,000.00);

4. On all counts of the Complaint, interest, costs, attorney's fees and any further relief that this Court deems the Plaintiff entitled.

Respectfully submitted,

_/s/ Ethan Vessels_
**Ethan Vessels** (0076277)
*Trial Attorney*
FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 Second Street
Marietta, Ohio 45750
ethan@fieldsdehmlow.com
(740) 374-5346
(740) 374-5349 (facsimile)


_/s/ Gregory Collins_
GREGORY H. COLLINS (0040230)
DAVID G. UTLEY (0038967)
Collins, Roche, Utley & Garner, LLC
520 S. Main Street, #2551
Akron, Ohio 44311
Phone:      (330) 376-1717
Facsimile:  (330) 376-1797
E-mail:     gcollins@davisyoung.com
            dutley@davisyoung.com

**Attorneys for Plaintiff, Sherry Herdman**

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

9

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues herein.

Respectfully submitted,

*/s/ Ethan Vessels*
**Ethan Vessels** (0076277)
*Trial Attorney*
FIELDS, DEHMLOW & VESSELS
A LIMITED LIABILITY COMPANY
309 Second Street
Marietta, Ohio 45750
ethan@fieldsdehmlow.com
(740) 374-5346
(740) 374-5349 (facsimile)

FIELDS, DEHMLOW
&
VESSELS
A LIMITED LIABILITY COMPANY
309 SECOND STREET
MARIETTA, OH 45750

(740) 374-5346
(740) 374-5349 (FAX)
www.fieldsdehmlow.com

10